■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT JOHNSON and MINA CRIST, Appellants.—Harvey, J. Appeals from two judgments of the County Court of Columbia County (Leaman, J.), rendered November 15, 1985, upon a verdict convicting defendant Mina Crist of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree and unlawful possession of marihuana, and convicting defendant Scott Johnson of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

In March 1985, Michael A. Coons was arrested by police for cocaine possession and agreed to cooperate with police by acting as a confidential informant in a drug investigation. Acting in this capacity, on March 27, 1985, Coons entered an apartment in which defendants, Mina Crist and Scott Johnson, resided and purportedly purchased cocaine from Johnson in the presence of Crist. Coons returned a few days later, on April 1, 1985, and allegedly purchased cocaine from Crist on this occasion in Johnson's presence. Using this and other information, a search warrant was issued and police searched defendants' apartment on April 10, 1985. Among other things, police found marihuana in a dresser drawer, four packages of cocaine in Crist's pocketbook and a triple-beam scale which is used for weighing small quantity items.

Defendants were both indicted for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree arising out of the March 27, 1985 transaction with Coons. Defendants were also indicted on the same two charges arising out of the April 1, 1985 transaction. Evidence obtained in the search of their apartment led to counts five, six, and seven against defendants alleging criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree and unlawful possession of marihuana.

Since the prosecution planned to have Coons testify concerning two prior purchases of cocaine from defendants (which occurred in January 1985 but which had not resulted in criminal charges), a hearing on the admissibility of the evidence was held pursuant to *People v Ventimiglia* (52 NY2d

350). County Court found that the uncharged crimes were probative of the issue of intent *(see, People v Molineux,* 168 NY 264) and thus ruled the testimony admissible.

Following a joint jury trial, Johnson was convicted of count one of the indictment for the criminal sale of a controlled substance in the third degree which had occurred on March 27, 1985; he was also convicted of count four for criminal possession of a controlled substance in the seventh degree. Crist was convicted of count three of the indictment for the criminal sale of a controlled substance in the third degree which had occurred on April 1, 1985; she was also convicted of count six for criminal possession of a controlled substance in the seventh degree and count seven for unlawful possession of marihuana. Following sentencing, at which both defendants received, *inter alia,* sentences of 6 to 20 years' imprisonment, both defendants appealed.

Defendants contend that County Court failed to properly instruct the jury that the evidence on each count of the indictment should be considered independently of the remaining counts. When a defendant is charged with a multicount indictment, the court should make it clear to the jury that the fact that a defendant is charged with one crime does not constitute proof that he committed another *(see, People v Colon,* 87 AD2d 826; *People v McNamee,* 71 AD2d 559; 1 CJI [NY] 5.39 at 239). Here, County Court clearly instructed the jury to consider the evidence separately as to each defendant. The instruction with regard to the separate charges against each defendant, however, was not as clear. Nevertheless, a review of the record and the verdicts returned by the jury reflects that they considered each count separately; thus reversal is not mandated *(see, People v Lyde,* 98 AD2d 650). For example, Crist was acquitted of sale and possession from the charges arising out of the March 27, 1985 incident and of the possession with intent to sell charge arising from the April 10, 1985 incident. She was, however, found guilty on the selling charge for the events of April 1, 1985. This was consistent with the testimony at trial which revealed that she actively participated in the April 1 transaction but not in the one on March 27. Johnson, on the other hand, was acquitted of the sale charge stemming from the events of April 1 and of all charges related to evidence found in the April 10 search. He was found guilty of the selling charge with regard to the March 27 incident and possession on April 1. These determinations were fully consistent with the evidence presented and

reveal that the jury properly considered the evidence as to each defendant and as to each charge.

Defendants further argue that the admission into evidence of prior uncharged drug transactions between Coons and defendants constituted reversible error. Evidence of uncharged crimes is not admissible unless it is probative of a material aspect of a charged crime and the probative value outweighs the potential prejudicial effect (see, e.g., *People v Robinson*, 68 NY2d 541, 547; *People v Crandall*, 67 NY2d 111, 117; *People v Johnson*, 122 AD2d 341, 342). Here, among other things, defendants were charged with violating Penal Law § 220.16 (1) based on the seizure of drugs at their residence pursuant to the search warrant executed on April 10, 1985. Proof of intent to sell is a required element of that crime. The prior sales were relevant to the issue of whether defendants intended to sell the drugs which they possessed (see, *People v Tune*, 103 AD2d 990, 992). We further note that County Court gave an appropriate limiting instruction to the jury both at the time the evidence was offered and during its charge to the jury. Accordingly, we do not find that the admission of this evidence constituted reversible error.

Defendants' remaining contentions have been considered and found unpersuasive.

Judgments affirmed. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.