(June 16, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ATKINSON, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered April 30, 1984, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

On April 14, 1983, three police officers of the City of Hudson in Columbia County, on a stake-out, observed defendant arrive at the apartment of Theresa Buie, exit his car, take a folded newspaper from the passenger's side of the vehicle and put it in his pocket. Buie, who had been standing on the porch with others, followed defendant into her apartment. The police officers then entered the apartment and found defendant and Buie standing near a newspaper on the bed, upon which were nine small cellophane packages containing white powder subsequently identified as heroin and cocaine. Defendant and Buie were arrested and indicted for criminal possession of a controlled substance in the third degree. Prior to defendant's trial, the prosecution moved for permission to offer evidence of defendant's prior criminal acts to prove his intent to sell the drugs. County Court ruled that Buie, as a prosecution witness, would be permitted to testify concerning her drug sales made on behalf of defendant and that a police officer could testify regarding a prior drug sale by defendant. Proof of defendant's May 1983 conviction of several drug charges was not permitted.

In the course of her testimony, Buie acknowledged that she had pleaded guilty to a charge arising out of the April 14, 1983 raid in exchange for a prosecution promise of leniency. She further stated that she had been selling drugs for defendant for a year; that he often brought drugs to her apartment in a newspaper and had done so on April 14, 1983; and that he had often paid her in drugs, enabling her to continue a $60-to-$80-a-day drug habit that she could not afford on the public assistance she was receiving. She further stated that defendant had refused her offer to leave town in exchange for $8,000, that defendant had asked her to write his counsel claiming that the drugs were hers and that she had someone else write the letter.

On cross-examination of Buie, a taped interview made of the witness with Police Officers Larry Walker and James Dolan on April 14, 1983 was played. In it, she said the drugs seized in the raid belonged to her rather than defendant. In an interview with Walker several weeks before the raid, she had also stated that she had never sold drugs for defendant. When questioned about these statements, Buie said that she had lied in the interviews. Defense counsel moved for dismissal on the ground that he had not received a tape of the interview with Walker and Dolan until a week before trial, and a transcript of the prior interview with Walker was not provided until

during the trial after Walker had already testified. County Court denied the motion.

Over defendant's objection, another police officer testified that in November 1981 defendant had made a heroin sale and that a subsequent search of defendants apartment revealed a large quantity of cocaine and heroin.

Three defense witnesses testified that they were at Buie's apartment on the day in question and that defendant did not have a newspaper with him when he entered the apartment. Five other witnesses claimed Buie was a drug dealer, and one witness stated that Buie had told her that the drugs confiscated belonged to Buie.

During the prosecution's summation, County Court sustained the defense's objections to attacks on the veracity of defense witnesses and advised the jury on three occasions to disregard improper comments. The court also cautioned the jury in its charge to limit its consideration of the prior sale of drugs to the intent element of the crime charged and not as an indication of defendant's criminal predisposition. Defendant was found guilty as charged and sentenced to 6 to 20 years' imprisonment, to run consecutively with a sentence imposed on a prior conviction.

On this appeal, contrary to defendant's contention, we believe that testimony concerning the prior sale of drugs to show defendant's intent to sell was properly admitted, given the appropriate limiting instructions of County Court *(see, People v Johnson,* 130 AD2d 804, 805, *lv denied* 70 NY2d 704). The only other evidence of such intent came from the witness Buie, and given the unreliability of her testimony, the probative value of testimony of a prior sale outweighed its prejudice *(see, People v Alvino,* 71 NY2d 233, 242; *People v Johnson, supra).*

Defendant further argues that the delay in his receipt of the transcript and tape of Buie's interviews constitutes reversible error. Conceding the prosecution's Federal and State constitutional duty to turn over exculpatory material in its possession to defendant, he has failed to demonstrate prejudice from the delay *(see, People v Fernandez,* 135 AD2d 867, 869). Defendant had all the exculpatory materials to which he was entitled prior to or for use at trial *(see, People v Brown,* 67 NY2d 555, 559, *cert denied* 479 US 1093; *see, People v Harris,* 130 AD2d 939, *lv denied* 70 NY2d 647). Defendant failed to request a further adjournment upon receipt of the *Brady* material and did use it at trial. We therefore find no error of a magnitude that would require reversal.

As to the prosecution's summation, we hold that there was no flagrant and pervasive pattern of prosecutorial misconduct (see, People v Demming, 116 AD2d 886, 887, lv denied 67 NY2d 941) when viewed in the context of the entire trial (see, People v Balls, 118 AD2d 887, 889, affd 69 NY2d 641) and considering County Court's curative instructions (see, People v Galloway, 54 NY2d 396). In light of the overwhelming proof of defendant's guilt, we view any such error as harmless in the circumstances.

Viewing all of the evidence in a light most favorable to the People, as we must (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932), we find that the evidence was not only legally sufficient but also that the verdict was not against the weight of the evidence (see, People v Gale, 138 AD2d 401). Under the circumstances, reversal is not indicated in the interest of justice (cf., supra). Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Mercure, JJ., concur.