■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDMOND E. TAYLOR, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered April 10, 1987, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

On the evening of October 16, 1986, during an undercover investigation of illegal drug activity in the City of Hudson, Columbia County, defendant ostensibly sold two packets of cocaine to an informant for $50, paid in marked currency. Although the surveillance officers did not observe the actual sale, the informant was wearing a transmitter and the transaction was recorded. At the time, the police were aware of an outstanding harassment warrant against defendant, but as explained by Police Chief James Dolan, did not effectuate an immediate arrest for fear of jeopardizing the investigation. Shortly after midnight, on October 17, 1986, two uniformed police officers approached defendant in the vicinity of the described sale to execute the harassment warrant. When asked if he was Edmond Taylor defendant replied "no", but then produced a wallet containing his official driver's license. As defendant was placed under arrest, he dropped a plastic bag containing 16 small packets of cocaine. The marked currency the informant had used was also found on defendant's person. Thereafter, defendant was charged in an indictment with criminal possession of a controlled substance in the third degree, based solely on the cocaine seized October 17, 1986.* He was convicted after a jury trial and sentenced as a second felony offender to an indeterminate prison term of 7 to 14 years. This appeal ensued.

Defendant maintains that the admission into evidence of the October 16, 1986 sale of cocaine to the informant, which occurred approximately one hour before the incident in question, was reversible error. We disagree. In *People v Alvino* (71 NY2d 233, 241-243) the Court of Appeals recently reiterated the rules concerning the admission of uncharged crimes into evidence *(see, People v Ingram,* 71 NY2d 474, 479). In essence, such evidence must not only be probative of a material element of the crime charged, but, on balance, the probative value must outweigh the potential for prejudice *(People v Alvino, supra,* at 242; *see, People v Johnson,* 130 AD2d 804, 806, *lv denied* 70 NY2d 704). Here, defendant was charged

---

* The record indicates that defendant was subsequently indicted for the October 16, 1986 cocaine sale, a charge not in issue here.

with violating Penal Law § 220.16 based on his possession of cocaine at the time of his arrest. Proof of intent to sell is a required element of that crime (Penal Law § 220.16). Because the mere fact of possession of the quantity involved here does not clearly indicate whether defendant held the drugs for sale or for personal use, the evidence of the prior sale to the informant was legally admissible to establish the element of intent *(see, People v Alvino, supra,* at 245; *People v Johnson, supra,* at 806). To be distinguished are cases involving a criminal sale of drugs from which intent may readily be inferred from the sale itself *(see, People v Crandall,* 67 NY2d 111). Despite the factual similarity and temporal proximity between the uncharged criminal activity and the crime at issue, we perceive no abuse of discretion in County Court's assessment that the probative value of this evidence outweighed the resulting prejudice *(see, People v Ingram, supra,* at 481). While County Court did not give any limiting instructions to the jury when the informant testified, defendant neither requested such an instruction nor registered any objection. Moreover, the court did provide a proper instruction in its jury charge and again upon a request of the jury during deliberations *(cf., People v Bolling,* 120 AD2d 601, *lv denied* 68 NY2d 665). Therefore, the admission into evidence of defendant's sale of cocaine to the informant did not constitute reversible error.

Defendant also urges that the People's failure to timely disclose details concerning the October 16, 1986 drug sale and County Court's failure to grant a continuance once this information was revealed at a *Ventimiglia* hearing on the verge of trial deprived him of a fair trial. Again, we disagree. The failure of a prosecutor to disclose exculpatory evidence constitutes a violation of due process when it is reasonably probable that a timely disclosure would have affected the outcome of the trial *(see, People v Thornton,* 130 AD2d 78, 81, *lv denied* 70 NY2d 755; *People v Holmes,* 117 AD2d 480, 483, *lv denied* 68 NY2d 757). It does not appear that the material sought was exculpatory. Nor did CPL article 240 mandate disclosure. Since the prosecution neither intended to use nor, in fact, used at trial the tape of the October 16, 1986 drug sale, this evidence was not discoverable pursuant to CPL 240.20 (1) (g). Notably, defendant was accorded an opportunity to listen to the tape prior to the opening statements. We further agree with the People's assertion that the other nonexculpatory *Molineux* information concerning the informant and surveillance was not discoverable property within the scope of CPL

article 240 *(see,* CPL 240.10 [3]; 240.40 [1] [c]; *see also, People v Miller,* 106 AD2d 787, 788). In any event, by holding a hearing prior to trial in order to evaluate the informant's testimony, County Court timely met the requirements of *People v Ventimiglia* (52 NY2d 350, 361-362). Nor has defendant demonstrated that the delay in receiving any of the information sought or the court's refusal to grant a continuance following the *Ventimiglia* hearing affected the outcome of the trial *(see, People v Cortijo,* 70 NY2d 868, 870). A review of the record confirms that the informant admitted to using and selling drugs during the course of a vigorous cross-examination. In sum, we perceive no reversible error with respect to defendant's discovery demands.

Finally, the locking of the courtroom doors during the jury charge did not deprive defendant of his constitutional right to a public trial *(see, People v Colon,* 71 NY2d 410). In view of the nature of the crime and defendant's status as a predicate felon, the sentence imposed, which was less than the maximum, was not unduly harsh and excessive.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.