■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM BROWN, Also Known as ADAM DOMINO, Appellant. [633 NYS2d 851] —Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 15, 1994, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

Upon executing a search warrant at an apartment on Edwards Street in the City of Binghamton, Broome County, police officers found 21 orange-capped vials containing a substance that was later determined to be cocaine. After the sole occupant of the apartment identified herself as defendant's wife, and indicated that defendant would be returning shortly, two of the officers went outside and located him in the immediate vicinity. When questioned, defendant confirmed that he was, in fact, returning to the apartment. The officers accompanied him as he did so, and while they were completing the search defendant offered to lead them to a larger amount of cocaine—assertedly, his supplier's "stash"—and to identify that supplier, in exchange for assurance that his wife would not be charged with a crime. So assured, defendant took the officers to another apartment, where they found 722 vials of cocaine, with similar orange caps.

Although defendant originally admitted that he had been present in the Edwards Street apartment for the purpose of selling cocaine, he later recanted that oral confession, claiming first that he knew of the presence of the drugs there but was not involved in their sale, and finally that he knew nothing of any illegal substances at the apartment. Ultimately charged with, and convicted of, possession of a controlled substance in the third degree, pursuant to Penal Law § 220.16 (1) (possession with intent to sell), and sentenced as a predicate felon to an indeterminate term of incarceration of $4^{1}/_{2}$ to 9 years, defendant appeals.

Defendant contends that County Court erred in permitting the police officers to testify, on the People's direct case, about his participation in the events leading to their seizure of the 722 vials of cocaine. That testimony, he claims, constituted evidence of an uncharged crime which, in his view, was not relevant to any material aspect of the crime for which he was being tried, and improperly disposed the jury to convict him (see, e.g., People v Alvino, 71 NY2d 233, 241; People v Molineux, 168 NY 264, 293).

The argument is unavailing, for the evidence at issue—which demonstrated that defendant was aware of, and had the ability to obtain access to, a large quantity of cocaine packaged for sale—was relevant to two of the issues before the jury: whether defendant was able to exercise dominion and control over the vials found at the Edwards Street apartment (*see, People v Satiro*, 72 NY2d 821, 822), and whether he intended to sell them (*see, People v Johnson*, 130 AD2d 804, 806, *lv denied* 70 NY2d 704; *People v Alvino, supra*, at 245, 261 [Hancock, Jr., J., dissenting]). The inference to be drawn from the officers' testimony, that defendant was familiar with the storage arrangements of what was apparently an ongoing, large scale narcotics trafficking operation, tends to cast doubt on his asseveration that he was innocently present at the apartment, with no knowledge of the presence of the drugs, and supports the People's contention that he was not only aware of the vials found there, but controlled them and intended to sell them (*cf., People v Hodge*, 141 AD2d 843, 845, *lv denied* 72 NY2d 1046). Under these circumstances, County Court did not err in finding that the probative value of the testimony at issue outweighed its prejudicial effect (*see, People v Alvino, supra*, at 242; *People v Allweiss*, 48 NY2d 40, 47), which was further mitigated by a timely limiting instruction that was repeated as part of the court's final charge (*see, People v Taylor*, 141 AD2d 982, 983; *People v Johnson, supra*, at 806).

Nor are we persuaded that reversal is warranted because of the assertedly wrongful admission of expert testimony offered to prove that the vials contained cocaine. Even assuming that there is force in defendant's argument that the People failed to lay a proper foundation for the introduction of the results of one of the tests upon which the People's expert relied, such error was plainly harmless given the other, overwhelming evidence—including the results of two different scientific tests, and defendant's earlier admission that he had sold cocaine from the apartment on the same day the vials were seized—establishing that the substance was, in fact, cocaine (*see, People v Siu Wah Tse*, 91 AD2d 350, 354, *lv denied* 59 NY2d 679; *People v Jones*, 134 AD2d 452, 453, *lv denied* 70 NY2d 956).

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.