■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE SOUTHWICK, JR., Appellant. [649 NYS2d 341] —Peters, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered February 28, 1995, upon a verdict convicting defendant of the crime of arson in the third degree.

Defendant resided in a trailer at Martin's Trailer Park in the Town of Coxsackie, Greene County, with his girlfriend, Mary Carter, and her daughter. At approximately 8:15 P.M. on March 19, 1994, while defendant and Carter were at home, the trailer caught fire. Transported to the hospital for treatment and interviewed by State Trooper Stanley O'Dell in the emergency room, defendant advised that the fire was the result of an explosion and that he had recently received bomb threats over the telephone. Defendant related that as he and his girlfriend were preparing to go bowling with his girlfriend's mother, they heard a "whooshing" noise, saw flames and were then blown out of the trailer.

O'Dell returned to the trailer park to continue his investigation. In the early morning hours of March 20, 1994, armed with additional information acquired by arson investigators, he went to the trailer of Carter's mother, also located in Martin's Trailer Park, where defendant advised that he would be staying upon the conclusion of his medical treatment. O'Dell requested, again, to speak with defendant. On this occasion, defendant was provided with his Miranda warnings prior to questioning and thereafter entered an admission which was reduced to writing and signed by him at 6:00 A.M. while at the

State Police barracks in the Village of Catskill, Greene County. Arrested, he was later indicted by the Grand Jury on one count of arson in the third degree for setting the trailer afire and two counts of attempted criminal possession of a weapon in the third degree for allegedly possessing two pipe bombs found in a storage shed located at his residence. After a suppression hearing, County Court found the written statement of defendant and the evidence concerning the pipe bombs to be admissible.

During the course of a jury trial, prosecution witnesses presented evidence, without objection, concerning the statement made by defendant while in the emergency room. Thereafter, the written statement of defendant, again without objection, was admitted into evidence. Also admitted, without objection, were the pipe bombs. Upon rebuttal, the defense called O'Dell as a witness and offered into evidence the investigative report prepared by him. Included therein was Carter's statement that defendant intentionally started the fire to prevent his wife from gaining any interest in the trailer as a result of their pending divorce action.

The counts relating to the pipe bombs were ultimately dismissed by County Court prior to the case being submitted to the jury. The bombs had been discovered in a shed behind the burning trailer. One such bomb was discovered at the time of the fire when firefighters were securing the area immediately surrounding the fire. The second bomb was discovered when the State Police bomb squad entered the shed after daylight on March 20, 1994. During the People's summation, they referred to evidence of the pipe bombs which was again not objected to by counsel.

Convicted of arson in the third degree, defendant now appeals, contending that County Court erred in admitting the statements and the pipe bombs into evidence. He further contends that during summation, the People sought to improperly shift the burden of proof and had improperly referred to not only the evidence of the pipe bombs but also the testimony of Carter.

Our review of the record reveals that defendant wholly failed to preserve any of the alleged errors for review (*see, People v Johnson*, 213 AD2d 791, 793, *lv denied* 85 NY2d 975; *see also,* CPL 470.05 [2]). He never objected to County Court's pretrial ruling that his statements were admissible and failed to object, at trial, to testimony concerning his oral statements, the admission of his written statement or the admission of the pipe bombs. Moreover, by failing to object to the People's summation or the charge to the jury, thereby depriving County Court

of any opportunity to issue curative instructions, defendant also failed to preserve those issues for our review (*see, People v Longo*, 182 AD2d 1019, 1022, *lv denied* 80 NY2d 906; *People v Hunt*, 116 AD2d 812, 814). Finally, since our independent review of these issues does not persuade us to exercise our discretionary power to take corrective action in the interest of justice, we hereby affirm the judgment of conviction in its entirety.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed.