■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELANO McCLAIN, Appellant. [672 NYS2d 503] —Peters, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered March 22, 1996 in Schenectady County, upon a verdict convicting defendant of the crimes of rape in the first

degree, sodomy in the first degree (two counts), sexual abuse in the first degree and petit larceny.

Defendant's indictment and ultimate conviction emanate from a nonconsensual sexual encounter with his former paramour. After a *Ventimiglia* hearing, Supreme Court ruled that of the 26 alleged acts of prior misconduct about which the People wished to inquire, only six involving defendant's sexual, physical and verbal abuse of the victim would be permitted. The court reasoned that pursuant to *People v Molineux* (168 NY 264), these inquiries placed the events at issue in context and assisted the jury in assessing "defendant's intent, motive and state of mind or that of his victim". Following a jury trial, defendant was acquitted of the charges of burglary in the first degree and assault in the third degree while convicted of the crimes noted earlier.

On this appeal, we find the challenge to Supreme Court's *Molineaux* ruling to be without merit. Notably, the issue was unpreserved for review by the failure to object to the court's ruling at the close of the *Ventimiglia* hearing and upon the admission of such evidence at trial (*see, People v Southwick*, 232 AD2d 755, 756, *lv denied* 89 NY2d 930; *People v Johnson*, 213 AD2d 791, *lv denied* 85 NY2d 975). Upon our independent review, we find no basis to warrant a reversal in the interest of justice (*see, People v Hinkley*, 178 AD2d 821, *lv denied* 79 NY2d 948). Mindful that it was the People's obligation to establish both the victim's lack of consent and the defendant's forcible compulsion (*see, People v Williams*, 81 NY2d 303), the admission of limited instances of prior misconduct by defendant against this victim was not excessive in light of the prosecution's effort to prove a pattern of abuse (*see, People v Hudy*, 73 NY2d 40; *People v Molineaux*, 168 NY 264, *supra*).

Since "mere similarity will not ipso facto shield the defendant from use of evidence of a prior crime, [and] the probative value of the prior crime must be established in the first instance, irrespective of any potential prejudice" (*People v Short*, 110 AD2d 205, 213, *lv denied* 67 NY2d 657), we find that Supreme Court properly determined that the evidence was offered for a permissible purpose and that its probative value outweighed any undue risk of prejudice (*see, People v Alvino*, 71 NY2d 233; *People v Sudler*, 100 AD2d 915, *lv denied* 67 NY2d 657). As to the admission of such evidence, we find no merit to defendant's contention that it was error to have given limiting instructions to the jury before, rather than after, the evidence was received. The record indicates that not only was such instruction given at the time the evidence was offered, it

was also given during the charge (*see, People v Johnson*, 130 AD2d 804, *lv denied* 70 NY2d 704; *cf., People v Intelisano*, 188 AD2d 881). Defendant's failure to request otherwise or object to the charge when given precludes further review.

Similarly unpreserved are defendant's claims of prosecutorial misconduct consisting of, *inter alia*, statements made to the jury that defendant was the victim's "longtime tormentor" (*see, People v Smyth*, 233 AD2d 746, *lv denied* 89 NY2d 1015; *People v Southwick*, 232 AD2d 755, *lv denied* 89 NY2d 930, *supra*). Upon our independent review, we decline to exercise our interest of justice jurisdiction since the statements were proper in the context of the proof presented (*see, People v Parker*, 220 AD2d 815, *lv denied* 87 NY2d 1023). We further find no error in allowing two friends of the victim to testify to statements she made immediately after the rape since they were properly admitted pursuant to the excited utterance exception to the hearsay rule (*see, People v Fitzgibbon*, 166 AD2d 745, *lv denied* 77 NY2d 838; *People v Van Patten*, 125 AD2d 827, *lv denied* 69 NY2d 887).

Finally, considering this record in its totality and as of the time of counsel's representation, we are not persuaded that defendant was denied effective assistance of counsel (*see, People v Rivera*, 71 NY2d 705, 708; *People v Baldi*, 54 NY2d 137, 146-147). While not unmindful of counsel's failure to proffer evidentiary objections (although not precluding our review) and a disjointed closing statement, we find that counsel propounded appropriate motions, presented an adequate opening statement, properly challenged testimony of witnesses and fully participated in the formulation of Supreme Court's charge to the jury. Viewed in its totality, we find the claim of ineffective assistance to be without merit (*see, People v Rivera, supra*; *People v Barber*, 231 AD2d 835; *People v Hill*, 225 AD2d 902, *lv denied* 88 NY2d 1021; *People v Johnson*, 130 AD2d 804, *supra*).

With defendant's remaining contentions considered and found to be either unpreserved or lacking in merit, the judgment is affirmed.

Mikoll, J. P., Mercure and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.