*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017                108716
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

SAMUEL C. GASTON,
                        Appellant.
_____

Calendar Date:  January 20, 2017

Before:  Garry, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

_____

        Bruce Evans Knoll, Albany, for appellant.

        Kelli P. McCoski, District Attorney, Fonda (Peter M.
Califano of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Montgomery
County (Catena, J.), rendered June 20, 2014, upon a verdict
convicting defendant of the crimes of criminal possession of a
controlled substance in the third degree (two counts).

        In June 2013, investigators executed a search warrant at an
unoccupied apartment in the City of Amsterdam, Montgomery County
and found both heroin and items needed to prepare it for sale.
An indictment was handed up charging defendant with two counts of
criminal possession of a controlled substance in the third degree
and, following a jury trial, he was found guilty as charged.
County Court sentenced defendant, a second felony drug offender,
to an aggregate prison term of seven years to be followed by
postrelease supervision of three years.  Defendant now appeals.

Defendant was not found to be in physical possession of the heroin. The People proceeded to trial on a theory of constructive possession and defendant contends that they failed to present legally sufficient evidence showing that he exercised the requisite "dominion or control" over the apartment where the heroin was recovered (Penal Law § 10.00 [8]; see Penal Law § 220.16 [1], [12]; People v Manini, 79 NY2d 561, 573 [1992]; People v Leduc, 140 AD3d 1305, 1306 [2016], lv denied 28 NY3d 932 [2016]). Defendant failed to preserve this issue for our review by renewing his motion to dismiss at the close of all proof (see People v Lancaster, 143 AD3d 1046, 1047 [2016], lv denied ___ NY3d ___ [Jan. 20, 2017]; People v Fournier, 137 AD3d 1318, 1319 [2016], lv denied 28 NY3d 929 [2016]). His assertion will nevertheless be addressed as part of a weight of the evidence review that, insofar as acquittal was a reasonable possibility in this case, obliges us to "weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions . . . [to] decide[] whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348 [2007]; see People v Lancaster, 143 AD3d at 1047).

Defendant was not there when investigators searched the apartment. The tenant of the apartment, Mario Vasquez, testified that he lived elsewhere in the summer of 2013 and used the apartment to store personal effects.[1] Vasquez would lend the apartment key to defendant in return for money, and a neighbor testified that defendant frequently visited the apartment and was there the day before it was searched. Following a traffic stop on the morning of the search, investigators recovered the key from defendant's vehicle and used it to unlock the apartment door (cf. People v Brown, 188 AD2d 930, 931 [1992]). Defendant presented evidence that another man, Samuel Abellman, also entered the apartment on occasion, but that "does not preclude a finding of constructive possession by defendant because possession may be joint" (People v Archie, 78 AD3d 1560, 1561

---

[1] Despite the fact that Vasquez stored personal items in the apartment, the People did not ask him to disavow ownership of the heroin.

[2010], lv denied 16 NY3d 856 [2011]; see People v Buchanan, 95 AD3d 1433, 1435 [2012], lvs denied 22 NY3d 1039, 1043 [2013]). Accordingly, viewing the foregoing proof in a neutral light and deferring to the jury's assessment of witness credibility, we cannot say that the verdict was against the weight of the evidence (see People v Buchanan, 95 AD3d at 1434-1435; People v Shoga, 89 AD3d 1225, 1227-1228 [2011], lv denied 18 NY3d 886 [2012]; People v Banks, 14 AD3d 726, 727-728 [2005], lv denied 4 NY3d 851 [2005]).[2]

Defendant further argues that County Court committed reversible error in allowing the People to impeach their own witness with his prior statements. Abellman was an admitted drug dealer and, as noted above, had been spotted at the apartment. Abellman indicated in a written statement to investigators and testimony before the grand jury that defendant was his heroin supplier and that defendant's heroin was stashed at the apartment. Abellman testified at trial, however, that he did not know defendant, had never bought drugs from defendant and did not recall ever having been to the apartment. County Court excused the jury to allow the People to question Abellman and assess whether he would "give[] testimony upon a material issue of the

_____

[2] Defendant's conviction, inasmuch as it was not against the weight of the evidence presented at trial, was necessarily founded upon legally sufficient evidence as well (see People v Danielson, 9 NY3d at 348-349; People v Garrow, 75 AD3d 849, 851 [2010]). As such, defendant's challenges to the grand jury proceeding are precluded to the extent they involve the sufficiency of the evidence presented or the instructions given to the grand jury (see CPL 210.30 [6]; People v Carter, 140 AD3d 1394, 1396 [2016], lv denied 28 NY3d 969 [2016]; People v Medeiros, 116 AD3d 1096, 1099 n [2014], lv denied 24 NY3d 1045 [2014]). Our review of the minutes confirms that there were no other errors in presenting the case to the grand jury that "impair[ed] the integrity of the proceeding or cause[d] prejudice to defendant" so as to warrant the drastic remedy of reversal (People v Rivette, 20 AD3d 598, 601 [2005], lv denied 5 NY3d 809 [2005]; see People v Mitchell, 55 AD3d 1048, 1050 [2008], lv denied 12 NY3d 856 [2009]).

case which tends to disprove the[ir] position" that would, in turn, allow the People to impeach his credibility with the prior statements (CPL 60.35 [1]). Abellman reiterated that he did not recall defendant, did not recall visiting the apartment and had no idea whether defendant kept heroin there. Without further ado, the jury was summoned and the People extensively questioned Abellman regarding his prior statements by asking if he recalled previously saying, among other things, that defendant supplied him with heroin and that he and defendant frequently went to the apartment to bag heroin and cocaine for sale.

While "[e]vidence of a prior contradictory statement may be received for the limited purpose of impeaching [a] witness's credibility with respect to his or her testimony," it is inadmissible where "the testimony of the witness 'does not tend to disprove the position of the party who called him [or her] and elicited [the contradictory] testimony'" (People v Berry, 27 NY3d 10, 17 [2016], quoting CPL 60.35 [3]; see People v Abrams, 73 AD3d 1225, 1227 [2010], affd 17 NY3d 760 [2011]). Abellman's trial testimony falls into the latter category, as he did not call defendant's connection to the heroin into question and only maintained that he had no knowledge of whatever connection there might be. This claimed lack of knowledge "merely failed to corroborate or bolster the [People]'s case" and did not affirmatively "contradict or disprove" evidence presented by them (People v Fitzpatrick, 40 NY2d 44, 52 [1976]; see People v Andujar, 290 AD2d 654, 655-656 [2002], lv denied 98 NY2d 648 [2002]; People v Hickman, 148 AD2d 937, 938 [1989], affd for reasons stated below 75 NY2d 891 [1990]; cf. People v Berry, 27 NY3d at 17-18). The People should not, as a result, have been permitted to impeach Abellman with his prior statements under CPL 60.35.

County Court correctly instructed the jury that the out-of-court statements by Abellman were only to be used for impeachment purposes and did not constitute evidence of defendant's guilt. That being said, the People had already detailed in their opening statement the ties between defendant and the heroin that they expected Abellman's testimony to reveal. Abellman was improperly impeached with his prior statements when he deviated from those expectations and, in the summation, the prosecutor emphasized the

prior statements that "Abellman didn't remember."  "It is apparent that [the People's] argument depends for its meaning on having the jury infer not only that the purported inability to recall was not credible, but also that" Abellman's prior statements regarding defendant's ties to the heroin were true (People v Hickman, 148 AD2d at 938).  In light of the circumstantial nature of the People's case and their improper use of Abellman's prior statements, the error in permitting the impeachment prejudiced defendant and was not harmless (see People v Mitchell, 57 AD3d 1308, 1310-1311 [2008]; People v Bellamy, 26 AD3d 638, 640-641 [2006]; cf. People v Abrams, 73 AD3d at 1227).  Despite the absence of a timely objection to the improper impeachment and the limiting instruction subsequently given by County Court, the interest of justice demands that we reverse and remit for a new trial (see CPL 470.15 [3] [c]; People v Mattocks, 100 AD3d 930, 931 [2012]; People v Andre, 185 AD2d 276, 277-278 [1992]).

The foregoing problem was exacerbated by County Court's failure to give an appropriate jury instruction, albeit one that defendant did not request, regarding circumstantial evidence. There was direct evidence of defendant's dominion and control over the apartment but, as things ultimately stood, proof of his dominion and control over the heroin and related items was circumstantial.  County Court was obliged to, but did not, give a circumstantial evidence charge to the jury under these circumstances (see People v Brian, 84 NY2d 887, 889 [1994]; People v Spencer, 1 AD3d 709, 710-711 [2003]).  The absence of that charge placed the jury in danger of "leap[ing] logical gaps in the proof offered and draw[ing] unwarranted conclusions based on probabilities of low degree," a danger that was already heightened given the improper impeachment of Abellman (People v Ford, 66 NY2d 428, 442 [1985]; accord People v Spencer, 1 AD3d at 711).  These errors in tandem only reinforce the need for a new trial.

Garry, J.P., Egan Jr., Clark and Aarons, JJ., concur.

ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Montgomery County for a new trial.

ENTER:

Robert D. Mayberger
Clerk of the Court