People v Palin (2018 NY Slip Op 01092)





People v Palin


2018 NY Slip Op 01092


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

107151

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
HECTOR PALIN, Appellant.

Calendar Date: November 13, 2017

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Aaron A. Louridas, Delmar, for appellant.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the Supreme Court (McDonough, J.), rendered September 24, 2014 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the second degree, and (2) by permission, from an order of said court, entered June 10, 2016 in Albany County, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.
In May 2013, the City of Albany Police Department received a community complaint concerning alleged illicit drug activity occurring at a residence located at 316 Second Avenue in the City of Albany (hereinafter the residence). In response, the police,
using a confidential informant (hereinafter CI), orchestrated a controlled drug buy during which the CI purchased marihuana from defendant at the front door of the residence. As a result, the police procured and executed a search warrant of the residence, whereupon they discovered defendant, among others, and seized personal effects owned by defendant and 8.8 ounces of marihuana located in the front bedroom. The police also seized 12.2 ounces of marihuana and three scales that were found in an unlocked cabinet in the residence's kitchen. Thereafter, defendant was indicted for criminal possession of marihuana in the second degree. He subsequently moved to suppress the physical evidence that was seized during the search of the residence, claiming that the search warrant was not supported by probable cause and was defective. Following a hearing, Supreme Court, among other things, denied that motion. At the [*2]conclusion of a jury trial, defendant was convicted as charged and ultimately sentenced to 4½ years in prison, to be followed by two years of postrelease supervision. Defendant's subsequent motion to set aside his sentence pursuant to CPL 440.20 was unsuccessful. Defendant now appeals from the judgment of conviction and, by permission, from the order denying his motion to set aside his sentence.
Initially, we are unpersuaded by defendant's contention that probable cause did not support the issuance of the search warrant because the reliability of the undisclosed CI was not adequately established. At the suppression hearing, Detective Brian Plante, who had applied for the search warrant, testified that he prepared the application based upon the community complaint, the controlled buy operation that was observed by another member of the police department and his own audio surveillance of that controlled buy, made possible by the CI wearing a recording device. In our view, the visual and audio surveillance evidence of the CI's controlled buy of marihuana from defendant at the residence only days prior to the issuance of the warrant satisfies the reliability prong of the Aguillar-Spinelli test (see People v Cavallaro, 123 AD3d 1221, 1222 [2014]; People v Vargas, 72 AD3d 1114, 1115-1116 [2010], lv denied 15 NY3d 758 [2010]; People v Lamont, 21 AD3d 1129, 1130-1131 [2005], lv denied 6 NY3d 835 [2006]; cf. People v Brandon, 133 AD3d 901, 902-903 [2015], lvs denied 27 NY3d 992, 1000 [2016]). Therefore, the search warrant was properly issued, and the trial court correctly denied defendant's motion to suppress.
Defendant contends that the People failed to prove that he had constructive possession of the marihuana seized in the residence and that the verdict is therefore not supported by legally sufficient evidence and is against the weight of the evidence. The legal standards for examining these contentions are well-established (see People v Bueno, 18 NY3d 160, 169 [2011]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Byrd, 152 AD3d 984, 986 [2017]). As relevant here, "[a] person is guilty of criminal possession of marihuana in the second degree when he [or she] knowingly and unlawfully possesses . . . [the] substances containing marihuana and the . . . substances are of an aggregate weight of more than sixteen ounces" (Penal Law § 221.25). "Where, as here, the People proceed under the theory of constructive possession, the proof must establish that [a] defendant exercised dominion or control over the property or the person who actually possessed the [property]" (People v Wilson, 100 AD3d 1045, 1046 [2012] [internal quotation marks and citations omitted], lv denied 22 NY3d 998 [2013]; see Penal Law § 10.00 [8]; People v Manini, 79 NY2d 561, 573-575 [1992]; People v Leader, 27 AD3d 901, 903 [2006]). "Constructive possession of the drugs . . . at issue may be established through circumstantial proof[,] and any conflict in the evidence regarding a defendant's dominion and control over the drugs . . . in question . . . creates [an] issue[] of witness credibility, and the jury's determination in that regard must be accorded great deference" (People v Victor, 139 AD3d 1102, 1105 [2016] [internal quotation marks, brackets and citations omitted], lv denied 28 NY3d 1076 [2016]; see People v Garcia-Toro, 155 AD3d 1086, 1086-1087 [2017]).
Here, the trial testimony given by members of the City of Albany Police Department who observed defendant's involvement in the controlled drug buy and who were involved with the search of the residence, along with the physical evidence obtained from that search, establishes defendant's constructive possession of the marihuana in question. Plante's testimony established that, a few days prior to the execution of the search warrant, defendant sold marihuana to the CI during a controlled buy that was monitored by members of the City of Albany Police Department. Plante explained that, during the controlled buy, he personally observed defendant and the CI engage in a hand-to-hand exchange at the residence resulting in the CI buying marihuana. Plante described how, at the time that the residence was searched, law enforcement found defendant's personal belongings in the front bedroom of the residence, including his clothing, wallet and personal mail, as well as 8.8 ounces of marihuana in a [*3]backpack. The trial testimony further demonstrated that Joseph Palin, defendant's brother, and Sayquon Kearney, defendant's friend, occupied the two remaining bedrooms in the residence, wherein the police discovered personal effects in their respective bedrooms, as well as another 10.2 ounces of marihuana and, among other things, a bullet-proof vest in Kearney's bedroom. In addition to finding an operating surveillance camera installed in the residence's living room window, the police discovered an additional 12.2 ounces of marihuana, "baggies," two digital scales, one triple-beam scale and $95 of US currency located within a kitchen cabinet. The trial testimony further established that marihuana residue was observed on the scales and that a marihuana odor existed in both the front bedroom and the kitchen. Also introduced at trial was a recorded jail phone call made by defendant following his arrest in which he expressed concern that certain individuals would testify against him. The forensic scientist who later conducted testing of the substance seized in the front bedroom and kitchen cabinet also testified that said substance tested positive for marihuana and had an aggregate weight in excess of 16 ounces.
For the defense, Kearney testified that it was he who possessed the marihuana recovered in the residence, that defendant had no knowledge of the marihuana and that defendant, who was a good friend of his, stayed at the residence as an overnight guest five or six times over the two-month period in which Kearney rented the residence. Kearney acknowledged that anyone in the residence could access the kitchen cabinet that contained the marihuana and other items seized by police. Defendant testified that he resided at another location, that he visited Kearney regularly, that he did not sell marihuana to the CI or know of, or possess, the marihuana found inside of the residence, notwithstanding acknowledging that he stayed at the residence on the days that both the controlled buy and execution of the search warrant occurred. In our view, when examining the evidence in a light most favorable to the People, the verdict was supported by legally sufficient evidence. The physical and testimonial evidence "went beyond defendant's mere presence in the residence at the time of the search" and permitted the jury to infer that defendant had occupied the front bedroom and exercised dominion and control over the marihuana found in both the front bedroom and the kitchen cabinet of the residence (People v McGough, 122 AD3d 1164, 1166 [2014], lv denied 24 NY3d 1220 [2015]; see People v Victor, 139 AD3d at 1105-1106; People v Perry, 116 AD3d 1253, 1255 [2014]; People v David, 234 AD2d 787, 789 [1996], lv denied 89 NY2d 1034 [1997]). Moreover, the fact that marihuana was found in the kitchen, an area that other members of the residence could access, does not preclude a finding of constructive possession, as such possession may be joint, and all of the items in the kitchen were readily accessible and available to defendant (see People v Gatson, 147 AD3d 1219, 1219-1220 [2017]; People v McGough, 122 AD3d at 1166-1167; People v Perry, 116 AD3d at 1255).
With regard to the weight of the evidence, since a different verdict would not have been unreasonable, we must, "like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Bleakley, 69 NY2d at 495 [internal quotation marks and citation omitted]). Upon exercising our factual review power, and according due deference to the jury's opportunity to view and assess defendant's credibility, as well as that of his witness Kearney, we find that, when viewing the evidence in a neutral light, the verdict was not against the weight of the evidence (see People v Gatson, 147 AD3d at 1220; People v Victor, 139 AD3d at 1105-1107; People v McGough, 122 AD3d at 1166-1167; People v Perry, 116 AD3d at 1255).
Defendant also challenges Supreme Court's Molineux/Sandoval ruling, which permitted testimony about the uncharged controlled buy for the purposes of demonstrating knowledge and possession of the marihuana seized in the residence and allowed the People to inquire at trial about two prior drug-related felony convictions. "Under our well-established Molineux rule, 'evidence of a defendant's uncharged crimes or prior misconduct is not admissible if it cannot [*4]logically be connected to some specific material issue in the case, and tends only to demonstrate the defendant's propensity to commit the crime charged'" (People v Leonard, 29 NY3d 1, 6 [2017], quoting People v Cass, 18 NY3d 553, 559 [2012]; see People v Inman, 151 AD3d 1283, 1284 [2017], lv denied 30 NY3d 950 [2017]; People v McCommons, 143 AD3d 1150, 1153 [2016], lvs denied 29 NY3d 999, 1001 [2017]). Evidence of prior criminal conduct may be admitted, however, where it falls within at least one of the "recognized Molineux exceptions — motive, intent, absence of mistake, common plan or scheme and identity — or where such proof is inextricably interwoven with the charged crimes, provides necessary background or completes a witness's narrative" (People v Ward, 141 AD3d 853, 860 [2016] [internal quotation marks and citations omitted]; see People v Leonard, 29 NY3d at 6; People v Molineux, 168 NY 264, 293 [1901]; People v Anthony, 152 AD3d 1048, 1050-1051 [2017], lvs denied 30 NY3d 978, 981 [2017]).
Here, testimonial evidence of defendant's hand-to-hand exchange with the CI during the controlled buy was relevant to the question of whether defendant had knowledge of the marihuana in the residence (see People v Satiro, 72 NY2d 821, 822 [1988]; People v Bright, 210 AD2d 244, 244 [1994], lv denied 85 NY2d 936 [1995]). As defendant's intent was put into issue by his assertion that he did not live at the residence and had no knowledge of the presence of marihuana therein, we find that Supreme Court did not abuse its discretion by allowing testimony concerning the controlled buy for the limited purpose of establishing that defendant intended to possess marihuana and that he exercised dominion and control over the marihuana in question (see People v Satiro, 72 NY2d at 822; People v Price, 14 AD3d 718, 719 [2005], lv denied 4 NY3d 856 [2005]; People v Wright, 5 AD3d 873, 876 [2004], lv denied 3 NY3d 651 [2004]; People v Brown, 221 AD2d 822, 823 [1995]; People v Carpenter, 187 AD2d 519, 520-521 [1992], lvs denied 81 NY2d 838, 1012 [1993]). Moreover, Supreme Court limited the potential for any undue prejudice by instructing the jury not to infer that defendant had a propensity for criminality based upon the fact that he was involved with the controlled drug buy and by instructing the jury that such testimony was offered for consideration of the sole issue of whether defendant knowingly possessed the marihuana that was found in the residence (see People v McCommons, 143 AD3d at 1153; People v Brown, 221 AD2d at 823).
As to Supreme Court's Sandoval compromise, of the 12 prior convictions that the People sought to question defendant about, the court ruled that the People could only inquire about defendant's two most recent felony convictions from 2008, without specifying the nature of those felonies or the underlying charges or crimes. By not allowing any inquiry into the underlying facts or crimes, the court appropriately balanced the probative value of these two prior convictions against the risk of prejudice to defendant, and we discern no abuse of discretion in the court's determination (see People v Keener, 152 AD3d 1073, 1074 [2017]; People v Gethers, 151 AD3d 1398, 1401 [2017], lv denied 30 NY3d 980 [2017]; People v Cooley, 149 AD3d 1268, 1270-1271 [2017], lvs denied 30 NY2d 979, 981 [2017]).
Finally, we do not find defendant's sentence to be harsh or excessive, and the record provides no support for his claim that he was punished for exercising his right to trial (see People v Lee, 129 AD3d 1295, 1300 [2015], lv denied 27 NY3d 1001 [2016]; People v Nichol, 121 AD3d 1174, 1178 [2014], lv denied 25 NY3d 1205 [2015]). Given defendant's lack of remorse and extensive criminal history, including drug-related offenses and a prior violent felony, spanning well over 20 years, we perceive no abuse of discretion or any extraordinary circumstances that would warrant modification of the sentence (see People v Slaughter, 150 AD3d 1415, 1418 [2017]; People v Lee, 129 AD3d at 1300; People v Burroughs, 64 AD3d 894, 898-899 [2009], lv denied 13 NY3d 794 [2009]). Further, as defendant received the requested relief in his CPL 440.20 motion, we perceive no error in County Court's denial of said motion [*5]without a hearing (see People v Sparks, 105 AD3d 1073, 1074 [2013], lvs denied 21 NY3d 1003, 1010 [2013]; People v Clayton, 38 AD3d 1131, 1131-1132 [2007], lv denied 9 NY3d 841 [2007]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment and order are affirmed.