■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER NIEVES, Appellant. [741 NYS2d 406] —Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered April 26, 2000, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant's claim that the court should have instructed the jury to determine whether the People's main witness was an accomplice as a matter of fact is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence, at best, merely established the witness's presence at the murder scene and did not warrant an inference, without resort to speculation, that the witness was an accomplice to the murder or a related offense (*see, People v Tucker*, 72 NY2d 849).

Defendant's claim that the detective's testimony concerning his investigation constituted improper bolstering is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the detective's

brief and generalized testimony that he arrested defendant after interviewing certain persons was properly admitted as background to explain to the jury the extent of the investigation and how the police came to focus on defendant (see, People v Rivera, 223 AD2d 476, lv denied 88 NY2d 852).

Defendant's request for a missing witness charge was properly denied. The court properly concluded that the witness could not provide any noncumulative testimony, and also properly concluded that the witness was not within the People's control (see, People v Gonzalez, 68 NY2d 424). The witness's acquaintance with a prosecution witness did not warrant the conclusion that he would naturally be expected to testify favorably to the People (see, People v Banks, 276 AD2d 294, lv denied 96 NY2d 732). In any event, defense counsel was permitted to comment in summation on the witness's absence.

The record establishes that defendant received meaningful representation (see, Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 713-714). Since, as noted previously, defendant was not entitled to an accomplice charge or to exclusion of the alleged bolstering testimony, defense counsel's failure to raise these issues did not deprive defendant of effective assistance of counsel. Concur—Nardelli, J.P., Sullivan, Wallach, Rubin and Friedman, JJ.