THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD MICHAEL GREGORY, Appellant. [910 NYS2d 295]—

Lahtinen, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered August 26, 2009, upon a verdict convicting defendant of the crimes of rape in the first degree, sexual abuse in the first degree, course of sexual conduct against a child in the first degree and endangering the welfare of a child.

After attending a good touch/bad touch presentation at school in December 2008, the victim (born in 1998) revealed that defendant, her stepfather, had engaged in sexual contact with her. The abuse allegedly had begun in August 2005 and continued until September 2007, when marital discord developed between defendant and the victim's mother resulting in defendant moving out by January 2008. As part of the investigation of the victim's allegations, police questioned defendant. During the questioning, he acknowledged in a written statement various sexual activity with the victim, including masturbating in her presence, viewing pornography on his computer with her, having her touch his penis, being naked in bed with the victim and touching her vagina with his penis. Defendant was indicted for the crimes of rape in the first degree, sexual abuse in the first degree, course of sexual conduct against a child in the first degree and endangering the welfare of a child. A jury found him guilty of all four counts. County Court sentenced defendant to concurrent terms of 25 years in prison with 20 years of postrelease supervision on the rape and course of sexual conduct counts, a concurrent one-year term for endangering the welfare of a child and, consecutive to those three counts, seven years in prison with 10 years of postrelease supervision on the sexual abuse count. Defendant appeals.

Defendant initially argues that it was error to permit a police officer to briefly relate during his testimony the victim's comments that gave rise to the investigation of defendant. He contends that the officer's testimony constituted hearsay which improperly bolstered the victim's version of events. Such a statement may be permitted if it is admitted not for its truth but for the narrow purpose of explaining an officer's actions and the sequence of events in an investigation, and the testimony is accompanied by an appropriate limiting instruction (see People v

*Davis*, 23 AD3d 833, 835 [2005], *lv denied* 6 NY3d 811 [2006]; *People v Ewell*, 12 AD3d 616, 616-617 [2004], *lv denied* 4 NY3d 763 [2005]; *People v Nieves*, 294 AD2d 152, 152-153 [2002], *lv denied* 98 NY2d 700 [2002]). Here, the officer related that the investigation was commenced as a result of a child abuse hotline report received regarding the victim following a good touch/bad touch talk at school. County Court directed the jury that this testimony was not to be considered for the truth, but to explain why certain actions ensued. When the prosecutor asked the officer about his meeting with the victim, County Court permitted only a very general and cursory response in which the officer stated that the victim advised him that she had been subjected to sexual contact and that she supplied him with details. Efforts by the prosecutor to elicit further information from the officer as to the victim's statements to him about when the conduct began and what sexual conduct occurred were promptly objected to and sustained by County Court. In light of the court's limiting instruction and the nonhearsay purpose of permitting this testimony to explain the commencement of a criminal investigation well over a year after the alleged conduct, we are unpersuaded that admission of this proof constituted reversible error.

Next, defendant contends that the People should not have been permitted to present testimony from a clinical psychologist about child sexual abuse accommodation syndrome (hereinafter CSAAS). Expert testimony regarding CSAAS "may be admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand" (*People v Carroll*, 95 NY2d 375, 387 [2000]), such as a delay in reporting the crime (*see People v Maggio*, 70 AD3d 1258, 1260 [2010], *lv denied* 14 NY3d 889 [2010]; *People v Kukon*, 275 AD2d 478, 479 [2000], *lv denied* 95 NY2d 936 [2000]). Here, the psychologist's testimony was limited to educating the jury about CSAAS and no opinion was offered as to whether this victim was abused. The psychologist acknowledged that he had not reviewed documents pertaining to the case nor had he met either the victim or defendant. Under the circumstances, the testimony was properly admitted (*see People v Carroll*, 95 NY2d at 387; *People v Maggio*, 70 AD3d at 1260-1261; *People v Higgins*, 12 AD3d 775, 778-779 [2004], *lv denied* 4 NY3d 764 [2005]).

We find unavailing defendant's further assertion that County Court erred in not using a jury charge drafted by defendant regarding CSAAS. Here, County Court used the standard jury charge regarding experts provided by the Criminal Jury Instructions (*see* CJI2d[NY] Expert in General—Expert Witness). The court's charge adequately set forth the applicable legal principles

and it was not error to decline to use the expanded charge offered by defendant (*see generally People v Dory*, 59 NY2d 121, 129 [1983]; *People v Kuykendall*, 43 AD3d 493, 495 [2007], *lv denied* 9 NY3d 1007 [2007]).

Defendant alleges error in the testimony of a pediatrician who examined the victim after the investigation had commenced. The scope and admissibility of expert testimony generally fall within the discretion of the trial court (*see People v Heath*, 49 AD3d 970, 972-973 [2008], *lv denied* 10 NY3d 959 [2008]; *People v Wallis*, 24 AD3d 1029, 1032 [2005], *lv denied* 6 NY3d 854 [2006]). The pediatrician testified that, although she did not find physical proof of abuse, such a lack of a physical manifestation was not inconsistent with abuse given the soft tissue area affected and the slight penetration alleged. It was not an abuse of County Court's discretion to permit this testimony. Further, admission of a partially redacted medical report prepared by the pediatrician does not require reversal as urged by defendant. Any error in such regard was harmless in light of the overwhelming proof of guilt.

With regard to the proof at trial, we find no merit in defendant's assertions as to the legal sufficiency of the evidence. Viewed in the light most favorable to the People, the evidence, including the victim's testimony and defendant's inculpatory statements to police, provides a valid line of reasoning for the jury to find beyond a reasonable doubt each element of the crimes for which defendant was convicted (*see People v Alteri*, 49 AD3d 918, 919-920 [2008]; *People v Nowinski*, 36 AD3d 1082, 1083 [2007], *lv denied* 8 NY3d 989 [2007]). The purported inconsistencies in the testimony of the victim (who was 10 years old at the time of trial) were relatively minor and gave rise to a credibility determination for the jury (*see People v Raymo*, 19 AD3d 727, 728 [2005], *lv denied* 5 NY3d 793 [2005]). Similarly, defendant's efforts when he testified at trial to explain his inculpatory statements as resulting from confusion caused by sleep deprivation and consuming an over-the-counter medication created a credibility issue that the jury resolved against him. After weighing and considering the evidence in a neutral light and according deference to the jury's credibility determinations, we also find that the jury's verdict was not against the weight of the evidence (*see People v Rosa*, 57 AD3d 1018, 1020 [2008], *lv denied* 12 NY3d 762 [2009]; *People v Crawson*, 56 AD3d 1051, 1052-1053 [2008], *lv denied* 12 NY3d 757 [2009]).

Extended discussion is not necessary for several of defendant's arguments. Given the young age of the victim and the nature of the acts perpetrated upon her, County Court acted

within its discretion in permitting the prosecutor leeway to frame some questions in a leading fashion (*see People v Martina*, 48 AD3d 1271, 1272 [2008], *lv denied* 10 NY3d 961 [2008]; *People v Cuttler*, 270 AD2d 654, 655 [2000], *lv denied* 95 NY2d 795 [2000]). The record supports County Court's determination, following a *Huntley* hearing, that defendant was not in custody when he gave his inculpatory statements and that, in any event, he also received *Miranda* warnings, voluntarily waived those rights and elected to provide the statements (*see People v Doherty*, 305 AD2d 867, 867 [2003], *lv denied* 100 NY2d 580 [2003]; *People v Michaud*, 248 AD2d 823, 824 [1998], *lv denied* 91 NY2d 1010 [1998]). County Court did not abuse its discretion in the sentence imposed and we find no extraordinary circumstances warranting a modification thereof (*see People v Ali-Rachedi*, 34 AD3d 981, 982 [2006], *lv denied* 8 NY3d 878 [2007]; *People v Espinoza-Aguilar*, 24 AD3d 892, 893 [2005], *lv denied* 6 NY3d 812 [2006]). Defendant's remaining contentions have been considered and found unavailing.

Spain, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.