Chief Judge Lippman
(dissenting). The majority eviscerates the hearsay rule and allows wholesale circumvention of the prompt outcry rule by countenancing the admission of prior consistent statements that provide a “narrative” or “investigative purpose” even where the investigative purpose is not in is *236 sue. As the concurrence makes plain, these statements are obviously introduced to bolster the complainant’s credibility and establish the truth of the accusation. Yet I disagree with the concurrence in its proposed expansion of the prompt outcry rule beyond all recognition. Therefore, I dissent and would hold that the trial court’s admission of the half brother’s and mother’s testimony, during which they repeated the complainant’s out-of-court statements, unfairly bolstered the complainant’s testimony and constituted reversible error.
The majority would have us believe that these statements are not hearsay because they are part of a “narrative” or set forth an “investigative purpose,” and are not introduced for their truth. But the complainant’s out-of-court statements repeatedly communicated to the jury by her half brother and mother were introduced to describe what abuse occurred. The mother’s and half brother’s repetition of these statements would have been useless to the People unless the jury accepted them as true. They constitute double hearsay that did not fall within any exception to the rule. The complainant had already described the crime on the stand, and recounted how she reported the abuse, without any substantial challenge by defense counsel. Where there was no basis to rehabilitate the complainant, the only possible purpose of admitting the half brother’s and mother’s testimony was to reinforce the complainant’s statements and make her appear more reliable. As we observed in People v McDaniel (81 NY2d 10, 16 [1993]), improper bolstering is prohibited because of the concern that untrustworthy testimony may appear more reliable simply because it has been repeated.
Out-of-court statements offered for the truth of the matters they assert are hearsay and “may be received in evidence only if they fall within one of the recognized exceptions to the hearsay rule, and then only if the proponent demonstrates that the evidence is reliable” (Nucci v Proper, 95 NY2d 597, 602 [2001]). The hearsay rule guards against “traditional testimonial infirmities” such as insincerity, ambiguity, and faulty memory or perception (id. at 604), some of which are implicated here. In Nucci, proffered out-of-court statements made several days after a medical malpractice incident were reported by the plaintiff s relative who “may have had a strong motive to shade her testimony” (id. at 603). In that case, we emphasized that “[s]ome of the statements involved double hearsay,” a further ground to question their reliability (id.).
*237 The “investigative” or “narrative” rationale the majority advances today swallows the hearsay rule. Any statement that explains a narrative tangentially related to a crime could be admitted into evidence pursuant to the majority’s reasoning. Without confining the exception to a narrow set of circumstances, such as sexual abuse cases where the investigation is in issue, the majority countenances the wholesale admission of hearsay. Indeed, a narrative is defined as “a story,” “an account of a series of events, facts, etc., given in order and with the establishing of connections between them” (Oxford English Dictionary [3d ed 2003]), and “a[n] . . . account of events, experiences, or the like, whether true or fictitious.”* Such broad opportunity for the admission of hearsay creates a danger of false and fabricated accusations spread amongst family and friends who would then enhance the complainant’s reliability.
Moreover, in the few cases where the investigative purpose rule has been applied, that purpose was in issue and the court provided a proper limiting instruction to the jury prescribing the use of the statement for a narrow purpose and not for its truth. For example, as the majority points out, in People v Gregory (78 AD3d 1246, 1246 [3d Dept 2010], lv denied 16 NY3d 831 [2011]), a police officer’s testimony about the victim’s comments explained the officer’s actions and the sequence of events in an investigation. Accompanying the testimony was an appropriate limiting instruction prohibiting the jury from accepting the statement for its truth. Here, the danger of the hearsay was missed entirely and the limiting instruction was plainly inadequate; the jury was only told that the statements were not to be used as proof that the backyard smelled, and there was no instruction barring the jury’s use of the remaining statements to prove that the abuse actually occurred.
Extending the “prompt outcry” rule to these circumstances, as suggested by the concurrence, is just another recipe for the admission of false and fabricated accusations. Any disclosure made by the victim about a crime before the crime was reported to authorities would, under this formulation, be admissible. Currently, the prompt outcry rule “permits evidence that a timely complaint was made” (People v Rosario, 17 NY3d 501, 511 [2011] [internal quotation marks and citation omitted]). The reporting must occur shortly after the crime (see People v McDaniel, 81 NY2d at 17 [victim reported the abuse the morn *238 ing after it occurred]; Rosario, 17 NY3d at 513 [victim’s statement inadmissible where as long as five months elapsed between the abuse and the report]). Further, only the fact of a complaint, not its accompanying details, may be elicited (see McDaniel, 81 NY2d at 17; People v Rice, 75 NY2d 929, 932 [1990]). We have never before held that the prompt outcry rule applies to reports this far removed from the crime — over a year after the abuse — and containing such graphic description of the crime.
The erroneous admission of the half brother’s and mother’s statements here severely prejudiced defendant because, apart from the complainant, there were no witnesses to the crime. Without other corroborating evidence, the repeated communication of the complainant’s out-of-court statements constitutes reversible error (see McDaniel, 81 NY2d at 20).
For the reasons stated above, I dissent and would reverse and remand for a new trial.
Judges Graffeo, Pigott and Abdus-Salaam concur; Judge Smith concurs in result in an opinion; Chief Judge Lippman dissents in an opinion in which Judge Rivera concurs.
Order affirmed.

 Webster’s Unabridged Dictionary (2d ed 1998).