Lahtinen, J.
Appeal from a judgment of the County Court of Franklin County (Catena, J.), rendered April 15, 2013, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts).
Defendant was allegedly involved in two cocaine transactions, one on May 31, 2012 with a confidential informant (hereinafter Cl) and another on June 7, 2012 where the Cl was accompanied by an undercover police officer. He was charged by indictment with criminal sale of a controlled substance in the third degree, one count for each date, and criminal possession of a controlled substance in the third degree, one count for each date. Following a trial at which defendant testified, a jury acquitted him of the sale count from May 31, 2012 (count one of the indictment), but found him guilty of the remaining three counts. County Court sentenced him, as a second felony drug offender, to three concurrent terms of six years in prison together with postrelease supervision.
Defendant argues that County Court erred in allowing a police officer to testify that the Cl informed him that she could buy drugs from defendant. We are unpersuaded. This proof “demonstrated how defendant became the target of the investigation and provided important background information” (People v Sudler, 75 AD3d 901, 905 [2010], lv denied 15 NY3d 956 [2010]; see People v Graves, 194 AD2d 925, 926 [1993], lv denied 82 NY2d 719 [1993]), and it was “admitted not for its truth but for the narrow purpose of explaining an officer’s actions and the sequence of events in an investigation” (People v Gregory, 78 AD3d 1246, 1246 [2010], lv denied 16 NY3d 831 [2011]). Moreover, County Court gave proper limiting instructions to the jury regarding such proof (see People v Stevens, 87 AD3d 754, 756 [2011], lv denied 18 NY3d 861 [2011]; People v Gregory, 78 AD3d at 1247).
Next, we consider defendant’s contention that reversible error occurred when the Cl, on re-direct examination and over an objection, testified that she had previously smoked crack cocaine with defendant. “[T]he familiar Molineux rule states that evidence of a defendant’s uncharged crimes or prior misconduct is not admissible if it cannot logically be connected to some specific material issue in the case, and tends only to demonstrate the defendant’s propensity to commit the crime charged” (People v Cass, 18 NY3d 553, 559 [2012]). Where a defendant creates a misleading perception based on the excluded proof, the door may be opened to such proof (see People v Rojas, 97 NY2d 32, 34 [2001]; People v Mitchell, 112 AD3d 1071, 1073 *1367 [2013], lv denied 22 NY3d 1140 [2014]; People v Daniels, 103 AD3d 807, 808 [2013], lv denied 21 NY3d 942 [2013]). Defense counsel indicated in his opening statement that the Cl was an experienced cocaine user who lured him into the transaction using his infatuation with her, and did so to gain favor with police for her own legal problems. Defense counsel cross-examined the Cl extensively about her prior cocaine use. The combination of the theory urged in opening and cross-examination of the Cl opened the door for the People to clarify on re-direct that the Cl’s cocaine use had, in fact, been with defendant (see People v Rojas, 97 NY2d at 34). County Court gave appropriate limiting instructions regarding this proof both when offered and in its charge (see People v Bellamy, 118 AD3d 1113, 1116-1117 [2014], lv denied 25 NY3d 1159 [June 10, 2015]; People v Reid, 97 AD3d 1037, 1038 [2012], lv denied 19 NY3d 1104 [2012]). We do agree with defendant, however, that the Cl improperly expanded her testimony to give an unnecessary and detailed description of the physical effects of the cocaine on defendant that she had observed when they smoked it together, but this error “ ‘was harmless since there was no significant probability that defendant would have been acquitted’ had this evidence not been admitted at trial” (People v Wright, 88 AD3d 1154, 1157-1158 [2011], lv denied 18 NY3d 863 [2011], quoting People v Tatro, 53 AD3d 781, 785 [2008], lv denied 11 NY3d 835 [2008]).
The conviction for possessing cocaine on May 31, 2012 (count two) was not against the weight of the evidence. Where, as here, a different verdict would not have been unreasonable, we “weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony while viewing the evidence in a neutral light and giving deference to the jury’s credibility assessments” (People v Gaudiosi, 110 AD3d 1347, 1348 [2013], lv denied 22 NY3d 1040 [2013] [internal quotation marks and citations omitted]). Although defendant was acquitted of the sale count from May 31, 2012, “a defendant’s acquittal on the sale count does not negate the elements of the possession count, for a person can possess and intend to sell a narcotic drug, but not actually accomplish a sale” (People v Kramer, 118 AD3d 1040, 1043 [2014] [internal quotation marks, brackets and citation omitted]). When the Cl went to defendant’s residence on May 31, 2012, she went alone, unlike the June 7, 2012 transaction where she was accompanied by an undercover officer. The Cl was wearing a wire on May 31, 2012, but the recording was not of sufficient quality to indicate defendant’s involvement in a transaction. The elements of both crimes charged for May 31, *1368 2012 thus rested in large part on the credibility of the Cl’s testimony. Defendant testified and, although he did not directly address possessing cocaine on May 31, 2012, he explicitly denied selling any cocaine on such date. The jury accepted the proof regarding possession but discredited the Cl’s claim regarding a consummated sale on May 31, 2012 (see People v Mendoza, 300 AD2d 824, 825 [2002], lv denied 99 NY2d 617 [2003]). We discern no reason to disregard those credibility determinations and, upon reviewing the proof in the record, the jury’s conviction of defendant on count two is supported by the weight of the evidence.
The failure to request an entrapment charge did not constitute ineffective assistance of counsel. “It is well settled that to prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel’s failure. Absent such a showing, it will be presumed that counsel acted in a competent manner and exercised professional judgment” (People v Barboni, 21 NY3d 393, 405-406 [2013] [internal quotation marks, brackets, ellipsis and citations omitted]). Entrapment is an affirmative defense (see Penal Law § 40.05) that defendant must prove by a preponderance of the evidence (see Penal Law § 25.00 [2]). “A defendant thus assumes a substantial burden in asserting entrapment . . . [including] proving] that he or she had no disposition to commit the acts charged” (People v DeGina, 72 NY2d 768, 775 [1988] [citation omitted]). Given the difficulty faced by defendant — who had a prior misdemeanor drug possession conviction — in attempting to prove that he had no disposition to possess or sell cocaine, together with potential additional evidence that might have been produced by the People to address such a claim, we cannot conclude that there was no legitimate strategy for the course chosen by counsel. The other purported shortcomings by counsel do not reveal a lack of meaningful representation. In fact, in addition to getting an acquittal on one of the four counts, the record further reflects that counsel “articulated a logical defense theory at trial, raised relevant objections, effectively cross-examined the People’s witnesses and otherwise zealously represented defendant” (People v Bateman, 124 AD3d 983, 986 [2015], lv denied 25 NY3d 949 [2015]). The remaining arguments, including the pro se submissions by defendant, have been considered and are unavailing.
Peters, P.J., Garry and Lynch, JJ., concur. Ordered that the judgment is affirmed.