■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME DEJESUS, Appellant. [21 NYS3d 217]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered May 2, 2013, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 20 years, unanimously reversed, on the law, and as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

Defendant's right of confrontation was violated by testimonial hearsay evidence that went beyond the permissible scope of

explanatory background material. Over timely and specific objection on Confrontation Clause grounds, the detective in charge of investigating the case testified that he learned of defendant's nickname and home address from, among others, two nontestifying informants or 911 callers describing the fleeing shooter, and that defendant was found at that same address. In addition, the victim testified that defendant went by that same nickname, and the jury saw a photograph of the nickname tattooed on defendant's arm. The hearsay evidence did not merely explain the police investigation, but improperly provided strong evidence on the central issue of identification (*see People v Garcia*, 25 NY3d 77, 86-88 [2015]). This impropriety was compounded by the prosecutor's improper argument, in violation of the court's limiting instruction, that the out-of-court statements made to the detective constituted "evidence" that defendant was the shooter (*see People v Minus*, 126 AD3d 474 [1st Dept 2015]). "The only purpose of the prosecutor's improper comments was to suggest to the jury, in this one-witness identification case, that the complainant was not the only person who had implicated the defendant" (*People v Benitez*, 120 AD3d 705, 706 [2d Dept 2014]).

Defendant was further deprived of his right to a fair trial by other portions of the prosecutor's summation (*see People v Calabria*, 94 NY2d 519 [2000]). The prosecutor's argument that defendant shot the victim over a dispute involving a mountain bike that defendant "had nothing to do with," and that defendant "was looking to take credit for" the shooting, suggested that a third person had engaged defendant to shoot the victim. This line of argument ran afoul of a prior ruling striking the victim's testimony that defendant had shot him over a mountain bike (*see People v Birch*, 6 AD2d 28, 30 [1st Dept 1958], *cert denied* 369 US 880 [1962]). Contrary to the People's argument, defense counsel did not waive the right to object to these comments by cross-examining the victim about the mountain bike, which the court permitted as a curative measure after striking the initial testimony about the bike, or by arguing in summation that the victim's inconsistent testimony about the bike undermined his credibility. Other improprieties in the summation included emotional appeals, safe streets arguments and denigration of defense counsel.

During jury deliberations, the court should have granted defendant's mistrial motion, made on the ground that any verdict would be reached under coercive circumstances. The court's statements during jury deliberation were also prejudicial to defendant's right to a fair trial. The jury returned two notes, on

the second and fourth day of deliberations, announcing that the jury was deadlocked; the second note emphatically listed different types of evidence the jury had considered. The court's *Allen* charges in response to both notes were mostly appropriate but presented the prospect of protracted deliberations by improperly stating that the jury had only deliberated for a very short time when it had actually deliberated for days (*see People v Aponte*, 2 NY3d 304, 308-309 [2004] [trial court improperly stated, among other things, that it was "nowhere near" the point when it would find a hung jury, where deliberation had lasted two days]). The court initially informed the jury that its hours on one day would be extended to 7:00 p.m., before reversing that decision and merely extending the hours to 5:00 p.m., and then it extended the hours to 6:00 p.m. on the next day, a Friday. The court improperly described those changes as a "tremendous accommodation" that was "loathed" by the system (*see People v Huarotte*, 134 AD2d 166, 170-171 [1st Dept 1987]; *see also Aponte*, 2 NY3d at 308 [finding reversible error where, among other things, *Allen* charge "suggested that the jurors were failing in their duty"]).

The court further indicated that the jury would likely continue deliberating into the next week although jurors had been told during jury selection that the case would be over by the aforementioned Friday, raising concerns for one juror who was going to start a new job the following Monday and another juror who was solely responsible for his child's care in the first three days of the next week (*see People v Diaz*, 66 NY2d 744, 746 [1985]; *see also People v Nelson*, 30 AD3d 351 [1st Dept 2006]). After the court informed the latter juror that he would be required to show up the next week despite the juror's purportedly fruitless efforts to obtain alternative childcare, and then brought the juror back into the courtroom solely to reiterate that point more firmly, the jury apparently returned its verdict within less than nine minutes, at about 3:29 p.m. on the Friday (*see People v Mabry*, 58 AD2d 897 [2d Dept 1977]). The totality of the circumstances supports an inference that the jury was improperly coerced into returning a compromise verdict.

To the extent any of these issues could be deemed unpreserved, we review them in the interest of justice. These cumulative errors were not harmless, since the evidence of defendant's guilt was not overwhelming, and there is a significant probability that defendant would have been acquitted if not for the violation of his right of confrontation, the prosecutor's improper statements in summation, and the court's improper statements

during deliberation (*see People v Crimmins*, 36 NY2d 230, 242 [1975]).

Since we are ordering a new trial, we find it unnecessary to discuss defendant's other arguments, except that we find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). Concur—Sweeny, J.P., Acosta, Andrias and Moskowitz, JJ.