Rose, J.
 

 Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered March 1, 2016, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.
 

 In response to a 911 call regarding a domestic dispute between two couples, police officers were dispatched to a second-floor apartment that defendant and his girlfriend, Tabitha Keating, shared with his sister, Kenesha Grierson, and his sister’s boyfriend, Clemento Jones. During the course of investigating the dispute, the officers were alerted to the possibility that defendant possessed a gun. Defendant was thereafter detained and a subsequent search of the apartment revealed an unloaded gun that was hidden in a garbage bag on the front porch of the apartment, an area allegedly used only by defendant and Keating. As a result, defendant was charged with criminal possession of a weapon in the third degree and criminal possession of stolen property in the fourth degree. Following a jury trial, he was convicted of criminal possession of a weapon in the third degree, but acquitted of criminal possession of stolen property in the fourth degree. He now appeals.
 

 Defendant contends that his conviction is not supported by legally sufficient evidence and is against the weight of the evidence because the People failed to prove that he constructively possessed the gun. We cannot agree. The trial testimony established that defendant and Keating resided in the front half of the apartment, which consisted of a front bedroom and a small room that led to the front porch. It is undisputed that the only way to access the front porch was through a door located in the small room. Although the proof indicated that both couples spent time on the front porch when they first began residing together, Jones and Grierson unequivocally testified that, after a falling out two months prior to the domestic dispute, defendant and Keating cut off their access to the front porch. As to the night of the domestic dispute, Jones testified that he alerted the officers to the fact that defendant had a gun. According to Jones, although he had never seen a gun in the apartment, he knew that defendant had one because, within the prior year, defendant had disclosed that he had a gun that looked like the type carried by police officers. Grierson also testified that she had a conversation with defendant around the same time period in which he expressed that he was thinking about purchasing a gun.
 

 There was also evidence that the gun discovered on the front porch was similar to the type of gun that defendant described to Jones, and DNA retrieved from the gun was consistent with DNA from Keating and at least two additional donors, one of whom was male. Notably, Jones denied that he ever came into contact with a gun in the apartment and the only male police officer who touched the gun at issue testified that he did so while he was wearing protective gloves. Viewing all of this evidence in the light most favorable to the People (see generally People v Ramos, 19 NY3d 133, 136 [2012]), we find that a valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the jury that defendant constructively possessed the gun (see People v Graham, 138 AD3d 1242, 1243 [2016], lv denied 28 NY3d 930 [2016]; People v McGough, 122 AD3d 1164, 1167 [2014], lv denied 24 NY3d 1220 [2015]; People v Rodwell, 122 AD3d 1065, 1067 [2014], lv denied 25 NY3d 1170 [2015]). Further, although a different verdict would not have been unreasonable, upon reviewing the evidence in a neutral light and deferring to the jury’s resolution of credibility issues (see generally People v Criss, 151 AD3d 1275, 1279 [2017]), we are satisfied that the verdict is in accord with the weight of the evidence (see People v Cherry, 149 AD3d 1346, 1347 [2017], lv denied 29 NY3d 1124 [2017]; People v McGough, 122 AD3d at 1167; People v Perry, 116 AD3d 1253, 1255 [2014]).
 

 Nevertheless, we are persuaded that reversal is warranted as a result of two evidentiary errors. During the trial, County Court permitted four police officers to testify as to Jones’ and Grierson’s statements that gave rise to the search for the gun. It is well settled that “[s]uch [testimony] may be permitted if it is admitted not for its truth but for the narrow purpose of explaining an officer’s actions and the sequence of events in an investigation” (People v Gregory, 78 AD3d 1246, 1246-1247 [2010], lv denied 16 NY3d 831 [2011]; see People v DeCarr, 130 AD3d 1365, 1366 [2015], lv denied 26 NY3d 1008 [2015]; People v McCottery, 90 AD3d 1323, 1325 [2011], lv denied 19 NY3d 975 [2012]; see also People v Ludwig, 24 NY3d 221, 231-232 [2014]). Here, although general and cursory testimony by one of the officers would have sufficed to explain why they began to search for a weapon, County Court permitted all four officers to testify in detail that Jones and Grierson stated that defendant had a gun and also allowed the People to elicit further information from two of the officers as to Jones’ and Grierson’s description of the gun. In light of the repetitive and detailed nature of the testimony, we find that it exceeded the permissible scope of explanatory background information (cf. People v DeJesus, 134 AD3d 463, 463-464 [2015]; compare People v Gregory, 78 AD3d at 1247; People v Nieves, 294 AD2d 152, 152-153 [2002], lv denied 98 NY2d 700 [2002]).
 

 Compounding this error, County Court improperly allowed the People to impeach Grierson, their own witness, with her prior grand jury testimony. A party may impeach its own witness with a prior contradictory statement when the “witness gives testimony upon a material issue or fact which ‘tends to disprove the party’s position or affirmatively damages the party’s case’ ” (People v Andujar, 290 AD2d 654, 656 [2002], lv denied 98 NY2d 648 [2002], quoting People v Saez, 69 NY2d 802, 804 [1987]; see CPL 60.35 [1]; People v Berry, 27 NY3d 10, 17 [2016]). Although Grierson testified before the grand jury that she told the police officers about her previous conversation with defendant concerning a gun and her belief based upon that conversation that defendant might have a gun in the apartment, at trial she denied that she made those statements to the officers. She did admit, however, that she had the previous conversation with defendant. In our view, Grierson’s trial testimony did not tend to disprove the People’s position that defendant constructively possessed the gun, nor did it affirmatively damage their case. Rather, Grierson’s trial testimony merely failed to corroborate or bolster the officers’ explanatory background testimony. Accordingly, the People should not have been permitted to impeach Grierson with her grand jury testimony (see People v Fitzpatrick, 40 NY2d 44, 52 [1976]; People v Abrams, 73 AD3d 1225, 1227 [2010], affd 17 NY3d 760 [2011]; People v Andujar, 290 AD2d at 656; compare People v Davis, 45 AD3d 1039, 1042 [2007], lv denied 10 NY3d 763 [2008]).
 

 We cannot conclude that the two evidentiary errors can be characterized as harmless because the evidence against defendant was largely circumstantial and did not overwhelmingly establish his guilt. Moreover, the People contravened County Court’s limiting instructions during their summation by relying on Grierson’s grand jury testimony as evidence of defendant’s guilt (see CPL 60.35 [2]; People v Thomas, 143 AD3d 923, 923-924 [2016]; compare People v Abrams, 73 AD3d at 1227) and by emphasizing the police officers’ background testimony in a way that invited the jury to infer the truth of the out-of-court statements. In light of our determination, we reverse the judgment and remit for a new trial (see People v Gaston, 147 AD3d 1219, 1222 [2017]). Defendant’s remaining contention has been rendered academic.
 

 Peters, P.J., McCarthy, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Schenectady County for a new trial.