Dukes v State of New York (2018 NY Slip Op 08982)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Dukes v State of New York

2018 NY Slip Op 08982

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

526427

[*1]CARL DUKES, Appellant,
vSTATE OF NEW YORK, Respondent.

Calendar Date: November 13, 2018
Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Kelner & Kelner, New York City (Joshua D. Kelner of counsel), for appellant.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondent.

MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the Court of Claims (DeBow, J.), entered December 14, 2017, which granted defendant's motion to dismiss the claim.
In 1997, claimant was charged in a multiple count indictment with an October 4, 1996 robbery at the apartment of Erik Mitchell in the City of Albany and the fatal shooting of Mitchell at that apartment on February 18, 1997. Following a jury trial, claimant was convicted of burglary and robbery charges in connection with the October 1996 incident and of murder in the second degree in connection with the February 1997 incident. He was sentenced to an aggregate prison term of 37½ years to life, and his conviction was upheld on appeal (People v Dukes, 278 AD2d 589 [2000], lv denied 96 NY2d 799 [2001]; see Dukes v City of Albany, 289 F Supp 3d 387 [2018]). In 2014, Jeffrey Conrad was arrested in Ohio and confessed to having murdered Mitchell. Thereafter, all of claimant's convictions were vacated and the original indictment was reinstated. On the People's motion, the murder charge was dismissed in the interest of justice. At this same proceeding, claimant then pleaded guilty to a single count of robbery in the first degree and was sentenced to a prison term of 7 to 14 years. Having already served some 18 years in prison, claimant was released. Claimant then filed this claim seeking compensation for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b. Defendant moved to dismiss the claim, which the Court of Claims granted. Claimant now appeals.
We reverse the judgment of the Court of Claims for the reasons stated in Jones v State of New York (___ AD3d ___ [decided herewith]).
McCarthy, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, on the law, with costs, motion denied and matter remitted to the Court of Claims to permit defendant to serve an answer within 20 days of the date of this Court's decision.