People v Shackelton (2019 NY Slip Op 53932)





People v Shackelton


2019 NY Slip Op 53932


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

108912

[*1]The People of the State of New York, Respondent,
v
Eugene Shackelton, Appellant.

Calendar Date: October 15, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.; Mulvey, J., vouched in.


Salvatore Adamo, Albany, for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.

Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.



Lynch, J.P.
Appeal from a judgment of the County Court of Columbia County (Koweek, J.), rendered October 18, 2016, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child (two counts), aggravated sexual abuse in the third degree (five counts), criminal sexual act in the first degree and sexual abuse in the first degree.
Defendant and his three codefendants [FN1] were charged by indictment with various crimes relating to their alleged sexual abuse of four children (victims A, B, C and D) over a period of several years. Defendant was charged with committing 17 of the 58 crimes charged in the indictment — namely, three counts of predatory sexual assault against a child, three counts of course of sexual conduct against a child in the first degree, one count of solicitation in the third degree, six counts of aggravated sexual abuse in the third degree, two counts of criminal sexual act in the first degree and two counts of sexual abuse in the first degree. Defendant was ultimately convicted, following a lengthy jury trial, of two counts of predatory sexual assault against a child (one count relating to victim A and one count relating to victim D), five counts of aggravated sexual abuse in the third degree (two counts relating to victim A and three counts relating to victim D) and one count each of criminal sexual act in the first degree (victim A) and sexual abuse in the first degree (victim A).[FN2] Defendant was sentenced to a prison term of 25 years to life on each conviction of predatory sexual assault against a child and to a prison term of seven years, followed by 10 years of postrelease supervision, for each of the remaining convictions. County Court further directed that the sentences on the five counts pertaining to victim A be served concurrently with one another and consecutively to the sentences on the four counts pertaining to victim D. Defendant appeals.
Initially, we find no merit to defendant's argument that certain drawings made by victims A and B constituted inadmissible hearsay and, therefore, should not have been admitted into evidence. At trial, the victims' caseworker testified that, when asked separately if anything had been put inside victim C, both victims A and B drew pictures of a vibrating or shaking object. Contrary to defendant's assertion, the drawings and the testimony about the drawings were not permitted to prove that such an object was in fact placed inside victim C, but were offered for the nonhearsay purposes of demonstrating that victims A and B possessed age-inappropriate knowledge of sexual activity and explaining the nature and details of the caseworker's investigation (see People v Cullen, 24 NY3d 1014, 1016 [2014]; People v Ludwig, 24 NY3d 221, 231-232 [2014]; People v Gregory, 78 AD3d 1246, 1246-1247 [2010], lv denied 16 NY3d 831 [2011]). Moreover, the testimony and the admission of the drawings into evidence was accompanied by an appropriate limiting instruction wherein County Court advised the jury that such evidence was not to be considered for the truth of the matter asserted (see People v DeCarr, 130 AD3d 1365, 1366 [2015], lv denied 26 NY3d 1008 [2015]; People v Rosario, 100 AD3d 660, 661 [2012], lv denied 20 NY3d 1065 [2013]; People v Gregory, 78 AD3d at 1246-1247). Accordingly, as the challenged evidence was offered for nonhearsay purposes and was accompanied by the requisite limiting instruction, we discern no error in the admission of such evidence (see People v Horton, 173 AD3d 1338, 1341 [2019], lv denied 34 NY3d 933 [2019]; People v Dunham, 172 AD3d 1462, 1464-1465 [2019], lv denied 33 NY3d 1068 [2019]).
Defendant also argues that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence. Inasmuch as his motion for a trial order of dismissal was not directed at the specific arguments he raises on appeal, defendant's legal sufficiency claim is unpreserved (see People v Youngs, 175 AD3d 1604, 1606 [2019]; People v Speed, 134 AD3d 1235, 1235 [2015], lv denied 27 NY3d 1155 [2016]). Nevertheless, as part of our weight of the evidence review, we necessarily determine whether the People proved each element of the crimes beyond a reasonable doubt (see People v Kelsey, 174 AD3d 962, 962 [2019]; People v Fournier, 137 AD3d 1318, 1319 [2016], lv denied 28 NY3d 929 [2016]).
Although a different outcome would not have been unreasonable here, our review of the record confirms that the verdict is not against the weight of the evidence. Victim A testified that, over multiple occasions when he was between the ages of four and seven, defendant and his codefendants would put various objects — such as dildos, spoons and sanded-down sticks — inside of him. Victim A also testified that, over a period of days, months and years, defendant would touch his penis and subject him to anal sex. Victim D similarly testified that, when he was between the ages of four and six, defendant — together with one of the other codefendants — would put their penises and sticks in his butt, sometimes while he was tied to a tree, and that this all occurred "[a] lot," "more than three times." The jury credited victim A's and victim D's testimony notwithstanding certain inconsistencies brought out on their cross-examinations. Viewing the evidence in a neutral light, and deferring to the jury's resolution of the credibility issues (see People v Van Alphen, 167 AD3d 1076, 1078 [2018], lv denied 32 NY3d 1210 [2019]), we find that defendant's convictions for predatory sexual assault against a child (see Penal Law §§ 130.96, 130.75 [1] [a]), aggravated sexual abuse in the third degree (see Penal Law § 130.66 [1] [c]), criminal sexual act in the first degree (see Penal Law §§ 130.50 [3]; 130.00 [2] [b]) and sexual abuse in the first degree (see Penal Law §§ 130.65 [3]; 130.00 [3]) are amply supported by the weight of the evidence.
Turning to defendant's sentencing challenge, there is simply no record support to substantiate his assertion that the sentence was vindictive or imposed as punishment for his decision to exercise his right to a trial (see People v Alexander, 160 AD3d 1121, 1124 [2018], lv denied 31 NY3d 1144 [2018]; People v Olson, 110 AD3d 1373, 1377-1378 [2013], lv denied 23 NY3d 1023 [2014]). We further reject defendant's contention that his sentence was harsh and excessive. The sentence fell within permissible statutory guidelines, and we will not disturb the sentence given defendant's criminal history, the heinous nature of his crimes and his lack of remorse (see People v Flower, 173 AD3d 1449, 1458 [2019], lv denied 34 NY3d 931 [2019]; People v Olson, 110 AD3d at 1377-1378).
Furthermore, defendant failed to preserve the remaining arguments he raises on appeal. Specifically, defendant's challenge to County Court's Sandoval compromise is unpreserved given his failure to object to the ruling prior to the close of the hearing (see People v McCoy, 169 AD3d 1260, 1265 [2019], lv denied 33 NY3d 1033 [2019]; People v Pittman, 160 AD3d 1130, 1130 [2018], lv denied 31 NY3d 1151 [2018]) and, in any event, we perceive no abuse of discretion in the ruling (see People v Mould, 143 AD3d 1186, 1188 [2016], lv denied 28 NY3d 1187 [2017]). Defendant similarly failed to preserve his challenge to County Court's Molineux ruling allowing evidence that defendant threatened to kill or harm the victims if they disclosed the abuse (see People v Cayea, 163 AD3d 1279, 1280 [2018], lv denied 32 NY3d 1109 [2018]), and, even if we were to review his claim, we would reject it (see People v Maggio, 70 AD3d 1258, 1260 [2010], lv denied 14 NY3d 889 [2010]; People v Greene, 306 AD2d 639, 642 [2003], lv denied 100 NY2d 594 [2003]). Defendant further failed to preserve his arguments relating to certain instructions given to the jury or to the lack of a circumstantial evidence charge (see CPL 470.05 [2]; People v McClenos, 172 AD3d 1638, 1640 [2019], lv denied 33 NY3d 1107 [2019]; People v Ash, 162 AD3d 1318, 1322 [2018], lv denied 32 NY3d 1002 [2018]). Even if preserved, we would find no error in the charges given and that defendant was not entitled to a circumstantial evidence charge (see People v McCoy, 169 AD3d at 1266; People v Coker, 121 AD3d 1305, 1307-1308 [2014], lv denied 26 NY3d 927 [2015]). Finally, because defendant did not raise the alleged repugnancy of the verdict prior to the jury's discharge, such argument is unpreserved (see People v Alfaro, 66 NY2d 985, 987 [1985]; People v Young, 152 AD3d 981, 983 [2017], lv denied 30 NY3d 955 [2017]).
Any arguments not expressly addressed have been examined and found to be without merit.
Mulvey, Devine and Pritzker, JJ., concur; Clark, J., not taking part.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: This Court recently affirmed the convictions relating to one of the codefendants (People v Van Alphen, 167 AD3d 1076 [2018], lv denied 32 NY3d 1210 [2019]).

Footnote 2: Although the jury also found defendant guilty of two counts of course of sexual conduct against a child in the first degree, County Court subsequently dismissed those counts as lesser included offenses of the counts of predatory sexual assault against a child, of which he was found guilty.