People v Williams (2019 NY Slip Op 08933)





People v Williams


2019 NY Slip Op 08933


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Renwick, J.P., Gische, Mazzarelli, Moulton, JJ.


10550 1234/16 2612/16

[*1] The People of the State of New York, Respondent,
v
Mark Williams, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Frank Glaser of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J. at consolidation motion; Abraham L. Clott, J. at severance motion, jury trial and sentencing), rendered May 16, 2017, convicting defendant of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of nine years, unanimously affirmed.
Defendant was not deprived of a fair trial by the fact that he was tried jointly with his codefendant. Defendant's arguments in this regard are similar to arguments this Court rejected on the codefendant's appeal (People v Hilton, 166 AD3d 567 [1st Dept 2018], lv denied 32 NY3d 1173 [2019]), and we find no basis to reach a different result.
Defendant's generalized objections failed to preserve his challenge to police testimony about the identification made by the victim, and we decline to review it in the interest of justice. As an alternative holding, we find that this testimony was properly admitted as background to explain police actions focusing on defendant leading to the arrest (see People v Nieves, 294 AD2d 152, 152-153 [1st Dept 2002], lv denied 98 NY2d 700 [2002]). In any event, any error was harmless (see People v Ludwig, 24 NY3d 221, 230 [2014]).
The trial court providently exercised its discretion in admitting photographs taken of defendant after his arrest on this case. The photographs were relevant to demonstrate that defendant was wearing clothing similar to that described by the victim (see People v Washington, 259 AD2d 365 [1st Dept 1999], lv denied 93 NY2d 1006 [1999]). In any event, any error in admitting the photographs was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK