People v Thomas (2019 NY Slip Op 08921)





People v Thomas


2019 NY Slip Op 08921


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Renwick, J.P., Gische, Mazzarelli, Moulton, JJ.


10536

[*1] The People of the State of New York, Respondent,
v
Dwight Thomas, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered May 19, 2017, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 15 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, the evidence of guilt was overwhelming. In particular, there was ample evidence that defendant swung a small knife at the victim and that this knife was a dangerous instrument because "under the circumstances in which it [was] used, attempted to be used or threatened to be used, [it was] readily capable of causing death or other serious physical injury" (Penal Law § 10.00[13]).
The challenged portions of the People's summation generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, in response to defense arguments, and there was nothing so egregious as to require reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). To the extent there were any improprieties, any error was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
The court providently exercised its discretion in admitting testimony about the victim's 911 call. This testimony was properly admitted as background to explain police actions leading to the arrest (see e.g. People v Barnes, 57 AD3d 289 [1st Dept 2008], lv denied 12 NY3d 781 [2009]; People v Nieves, 294 AD2d 152, 152-153 [1st Dept 2002], lv denied 98 NY2d 700 [2002]). In any event, any error was harmless (see People v Ludwig, 24 NY3d 221, 230 [2014]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that counsel's alleged error fell below an objective standard of reasonableness or that it deprived defendant of a fair trial or affected the outcome of the case.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK